**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Kathleen Lopez-Buric,

Plaintiff,

v.

Officer David Notch; Officer Bradley Thelen; City of Waite Park; and Stearns County,

Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-CV-928 ADM/RLE

---

John G. Shulman, Esq., and David M. Sullivan, Esq., Shulman Law Firm, Minneapolis, MN, appeared for and on behalf of the Plaintiff.

Jon K. Iverson, Esq., and Jason J. Kuboushek, Esq., Erstad & Riemer, Minneapolis, MN, appeared for and on behalf of Defendants Officer Bradley Thelen and City of Waite Park.

Ann R. Goering, Esq., Ratwik, Roszak & Maloney, Minneapolis, MN, appeared for and on behalf of Defendants Officer David Notsch and Stearns County.

---

## I. INTRODUCTION

On February 20, 2001, this matter came on for hearing before the undersigned United States District Court Judge pursuant to Defendants' Summary Judgment Motions [Doc. Nos. 20 & 28]. For the reasons set forth below, the motions are granted in part and the case is remanded to state court.

## II. BACKGROUND

### A. Parties

Plaintiff is Kathleen Lopez-Buric ("Lopez-Buric"). Defendant Bradley Thelen ("Thelen") is a Waite Park police officer. Defendant City of Waite Park ("the City") is a municipality duly

APR 17 2001
FILED APR 17 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

incorporated under the laws of the State of Minnesota and is Thelen's employer. Defendant David Notsch ("Notsch") is an officer in the Stearns County Sheriff's Department. Defendant Stearns County ("the County") is a political subdivision duly incorporated under the laws of the State of Minnesota and is Notsch's employer.

**B. Facts**[1]

Thelen arrested Lopez-Buric for driving under the influence of alcohol in the early morning of April 11, 1998. En route to the Stearns County Jail, Thelen allegedly put tight handcuffs on Lopez-Buric and pushed and pulled her into and out of his squad car using the handcuff chain. Lopez-Buric Dep. at 24-25. At the jail, Thelen initiated the informed consent process for alcohol blood testing. *Id.* at 50-51. During this process, Lopez-Buric kicked Thelen's desk, which prompted Thelen to restrain her with an "arm bar" maneuver. *Id.* at 50-51. After she stated that she was in pain and would go willingly to the cell, Thelen released the arm bar and Lopez-Buric was taken to a jail cell. *Id.* at 51-53.

Lopez-Buric alleges that she was beaten during the night by Notsch and other Stearns County Jail staff. *Id.* at 91-93, 96-97, 121-22. First, Stearns County jailor Earl LaBon pulled her from her cell. *Id.* at 91-93. When she attempted to physically prevent him from doing so by bracing herself in the cell's doorframe, LaBon or another officer raked his foot down her shin and shoved her back in the cell. *Id.* at 93.

Later, Notsch took Lopez-Buric out of the cell to complete the booking process. When she refused to answer questions about the marital status of her parents, Notsch and another

[1]The following facts are "in the light most favorable to the non-moving party," here Lopez-Buric, as is required on summary judgment. *FDIC v. Bell*, 106 F.3d 258, 263 (8th Cir. 1997).

officer attempted to put her back in her cell. *Id.* at 122. When Lopez-Buric again resisted by bracing herself in the doorway, the two officers kicked her shins and put her back into the cell. *Id.*

Notsch later removed Lopez-Buric from her cell to take her fingerprints. *Id.* at 95-98. After Lopez-Buric made several complaints about the process, Notsch attempted to return her to the cell. *Id.* at 96. Lopez-Buric again resisted by bracing herself on the doorframe. *Id.* Notsch responded by grabbing her foot and forcing her into the cell. *Id.* Notsch and another officer then shoved her into a corner, where Notsch grabbed her throat, slammed her head against the wall, and then threw her across the cell. *Id.* at 97. Lopez-Buric was released from jail later that morning.

## III. DISCUSSION

Lopez-Buric's Amended Complaint brings claims for assault, battery, and violations of 42 U.S.C. § 1983 against Thelen, the City, Notsch, and the County. Defendants Thelen and the City move for summary judgment on three grounds: (1) Lopez-Buric did not sue Thelen in his individual capacity in her Amended Complaint; (2) Thelen is entitled to qualified/official immunity; and (3) Lopez-Buric has not made out a case for municipal liability under § 1983. Defendants Notsch and the County seek summary judgment because: (1) Notsch was not sued in his individual capacity; (2) Lopez-Buric failed to state a claim for race discrimination under § 1983; and (3) Notsch was not properly served.

### A. Individual/Official Capacity

Both Thelen and Notsch argue that any § 1983 claims against them personally should be dismissed because neither the Complaint nor the Amended Complaint sues them in their

individual capacity. Lopez-Buric asserts that Thelen and Notsch are sued in their individual capacities because the pleadings place the officers on notice that they are sued personally. Lopez-Buric asks that if the Amended Complaint is insufficient in this regard that she be given leave to amend.

Under § 1983, public employees may be sued officially, individually or both. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). However, a § 1983 suit against an employee in their official capacity is deemed to be a suit against the employer only. *Id.* A § 1983 suit against the governmental entity employer is considered to be a *Monell* claim. In *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978), the Supreme Court determined that municipalities and other local governmental entities could be sued under section § 1983, but only for the entity's unconstitutional or illegal policies.

Lopez-Buric avers that a complaint need not specifically state that the individual is being sued in his individual capacity, relying on *Jackson v. Crews*, 873 F.2d 1105 (8th Cir. 1989), as authority. *Jackson* held that as long as the complaint is sufficient to put the defendant on notice that he is being sued in his individual capacity, the fact that the phrase "individual capacity" appears nowhere in the case caption is not fatal. *Id.* at 1107. The *Jackson* court, in a cursory discussion, admonished future litigants to "indicate both the parties being sued and their capacity in the caption." *Id.* The *Jackson* analysis focused on the caption and does not specify what allegations in the complaint put the defendants on notice that they were being sued in their individual capacity. *Id.*

In *Johnson v. Outboard Marine Corp.*, the Eighth Circuit explicitly stated that "in order to sue a public official in his or her individual capacity, a plaintiff must expressly and

unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity. Because section 1983 liability exposes public servants to civil liability and damages, . . . only an *express statement* that they are being sued in their individual capacity will suffice to give proper notice to the defendants." 172 F.3d at 535 (emphasis added); *accord Hawks v. Jones*, 105 F.Supp.2d 718, 722 (E.D. Mich. 2000) ("The face of a complaint must indicate whether a plaintiff seeks to recover damages from the defendants directly."). The Eighth Circuit has repeatedly applied this requirement. *See Andrus v. Arkansas*, 187 F.3d 953, 955 (8th Cir. 1999); *Artis v. Francis Howell N. Band Booster Assoc., Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity."); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989).

Although *Johnson* involved a suit against municipal defendants, Lopez-Buric asserts that the remaining Eighth Circuit cases are distinguishable because they arose in the context of a suit against a state government entity, which is forbidden by the Eleventh Amendment. While these cases do discuss the application of the Eleventh Amendment, it is explicitly expressed as an additional rationale for the express statement requirement. *See Andrus*, 187 F.3d at 955; *Nix*, 879 F.2d at 431. Thus, the requirement stands on the notice rationale alone, regardless of the presence of Eleventh Amendment issues. Lopez-Buric's assertion to the contrary is further undercut by two recent unpublished opinions where the Eighth Circuit again relied upon *Johnson's* explicit statement requirement in dismissing § 1983 complaints against *city* employees. *D.E.S. v. Kohrs*, No. 98-3756, 1999 WL 506121, at *1 (8th Cir. July 16, 1999); *Palmer v. Bains*, No. 98-2219, 1999 WL 535759, at *1 (8th Cir. July 6, 1999).

Lopez-Buric's Amended Complaint does not contain an explicit statement of individual liability as the Eighth Circuit requires of a plaintiff's complaint in a § 1983 case. *Johnson*, 172 F.3d at 535. This is not a burdensome requirement; a § 1983 plaintiff need only state *somewhere* in the complaint that the plaintiff "sues each and all defendants in both their individual and official capacities." *Nix*, 870 F.2d at 431.

Furthermore, even given Lopez-Buric's preferred broad reading of *Jackson*, the Amended Complaint remains insufficient to put Thelen and Notsch on notice that they are being sued in their individual capacities. The caption does not state that Notsch and Thelen are being sued as individuals. Use of the phrases "Officer David Notsch" and "Officer Bradley Thelen" rather than just "David Notsch" and "Bradley Thelen" in the caption can be construed as notice that they are being sued in their official capacity and not as individuals. The Amended Complaint states that Thelen was "at all times material herein, a duly appointed Waite Park police officer and was acting in that capacity" and that Notsch was "at all times material herein, a duly appointed officer of the Stearns County Sheriff's Department and was acting in that capacity." Amended Compl. ¶¶ 3-4. This language focuses on the official capacity of the officers, without any intimation of individual liability.

Moreover, Lopez-Buric's Amended Complaint alleges that she was beaten up by more jail officers than just Notsch, yet she only names Notsch as a defendant in her Amended Complaint. *Id.* ¶¶ 19, 22. Likewise, although the Amended Complaint alleges that "Officer LeBon and other officials at the jail referred to Ms. Lopez-Buric as a 'baboon,' a 'fucking druggie,' and other racist and derogatory names," neither LeBon nor any other unnamed jailors who allegedly beat her are defendants, even though her Fourteenth Amendment cause of action avers that she was treated

"in a discriminatory manner on account of her race and/or ancestry." *Id.* ¶ 17. These allegations of illegal conduct by government employees not named individually as defendants indicate that Lopez-Buric is seeking employer liability rather than the liability of individuals personally.

The Amended Complaint does not seek punitive damages, which may be sought against individual defendants but are not available for suits against employees. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Both Thelen and Notsch have been represented in this litigation by counsel for their employer, not separate counsel, another indicator that they were not put on notice that they are sued individually. *See Helseth v. Burch*, 109 F.Supp.2d 1066, 1074 (D. Minn. 2000). In conclusion, the extensive caselaw in this circuit on this issue is sufficiently clear to inform plaintiffs that if they wish to sue § 1983 defendants in their individual capacity, they must include unambiguous language noting that fact in their complaint.[2] Defendants Thelen and Notsch's Summary Judgment Motions are granted in respect to their individual liability on the § 1983 claims.

The Court declines to grant Lopez-Buric leave to amend her Amended Complaint. Although recognizing that generally absent good reason, leave to amend should be liberally granted, *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)), it is also true that a district court "enjoys discretion in whether to grant" a Rule 15(a) motion, *Elma-Schonander, Inc. v. K.C.F. Med. Supply Co.*, 869 F.2d 1124, 1126 (8th Cir. 1989) (citing 371 U.S. at 182). The Eighth Circuit has determined that a "district court may refuse to grant leave to amend if plaintiff had an earlier opportunity to cure a defect in her

---

[2]An issue has also been raised as to whether or not Notsch was served in his individual capacity. Although the Court does not reach the merits of the service argument, the facts surrounding this allegation infer that he was not sued in his individual capacity.

complaint but failed to do so." *Egerdahl*, 72 F.3d at 620 (citations omitted). Thelen's answers to both the original Complaint and Amended Complaint assert that "Officer Thelen was acting in his official capacity at all times relevant hereto, and all claims asserted against the municipal defendants are official capacity claims." If there was a desire to sue Thelen and Notsch in their individual capacities, Lopez-Buric should have clarified this issue in the Amended Complaint.

Allowing Lopez-Buric to file a second amended complaint would subject Thelen and Notsch to undue prejudice and result in delay. The scheduling order in this case required discovery to be completed by March of 2001. [Doc. No. 18]. Thus, discovery was conducted and completed with Thelen and Notsch being uncertain and possibly unaware of exposure to individual liability. To rectify this prejudice, additional discovery would be required. As a result, to reconfigure this suit at this late date is not fair to either of the Defendants, or in the interest of efficient docket control, *see Elema-Schonander*, 869 F.2d at 1125.[3]

**B. § 1983 *Monell* Claims**

At the hearing of this matter, Lopez-Buric's counsel stated that they were not pursuing *Monell* claims against the City and the County. Thus, all § 1983 claims have been dismissed.

**C. Supplemental Jurisdiction**

With the dismissal of the § 1983 cause of action, only state law claims remain. As a result, supplemental jurisdiction over the remaining assault and battery claims becomes discretionary under 28 U.S.C. § 1367(c)(3). Mindful of the need to "exercise judicial restraint

---

[3]The Court notes that there are vastly different versions of the facts alleged in this case. Lopez-Buric's allegations, if true, are very serious, particularly regarding Notsch's conduct. These genuine issues of fact have been displaced by procedural grounds regarding the § 1983 claims. If the veracity of the Amended Complaint remains, Lopez-Buric still may pursue state law assault and battery claims.

and avoid state law issues whenever possible", this Court elects to remand the remaining causes of action to state court. *See Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990).

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motions to Dismiss [Doc. Nos. 20 & 28] Plaintiff's § 1983 claims are **GRANTED**. As to Defendants Thelen and Notsch individually, the claims are dismissed without prejudice. As to Defendants the City and the County, the claims are dismissed with prejudice.
2. Plaintiff's Motion to Amend is **DENIED**.
3. The assault and battery claims are remanded to Minnesota State court.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

Ann D. Montgomery

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: April 17, 2001

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd